**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES COLE, on behalf of himself and all others similarly situated, | No. 13-55507 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-01570-VAP-OP |
| v. | MEMORANDUM[*] |
| CRST VAN EXPEDITED, INC., an Iowa Corporation, FKA CRST, Inc., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted April 9, 2015[**]
Pasadena California

Before: SILVERMAN and BEA, Circuit Judges, and QUIST, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

Plaintiff James Cole appeals the district court's grant of judgment on the pleadings, dismissing Cole's class action claim against Defendant CRST Van Expedited, Inc. alleging violations of California's meal and rest break laws, Cal. Lab. Code §§ 226.7, 512, and Cal. Code Regs. tit. 8, § 11090. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

On appeal, Cole argues that the district court erred in dismissing his meal and rest break claim on the basis that the Federal Aviation Administration Authorization Act of 1994 preempts California's meal and rest break laws. We review de novo the interpretation and construction of the FAAAA, *Tillison v. Gregoire*, 424 F.3d 1093, 1098 (9th Cir. 2005), and a district court's grant of judgment on the pleadings, *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

We recently held in *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 647-50 (9th Cir. 2014), that California's meal and rest break laws are not "related to" prices, routes or services and therefore are not preempted by the FAAAA. In light of our holding in *Dilts*, the district court erred by granting CSRT's motion for judgment on the pleadings on the basis of FAAAA preemption. Accordingly, we reverse and remand for further proceedings consistent with *Dilts*.

**REVERSED and REMANDED.**